UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAOUL MARRADI,<br><br>                   Plaintiff,<br><br>v.<br><br>JPC VENTURE CORP. and<br>WOODBURY CONSTRUCTION<br>CO., INC.<br><br>                   Defendants. | CIVIL ACTION NO.<br>1:17-cv-12487-WGY |

<u>AFFIDAVIT</u>

I, Kevin M. Cloutier, do hereby depose and state the following:

1.  I am an attorney duly authorized to practice law in this Court.

2.  I represent the Defendant, JPC Venture Corp. ("JPC") in the instant action.

3.  The Plaintiff filed its initial Complaint (D.E. 1) against the Defendants pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA"), alleging violations of the ADA at the Defendant, JPC's bar/restaurant known as 'Market' and seeking injunctive relief and attorney's fees and costs.

4.  In his Complaint, the Plaintiff alleges that he visited Market but that he was precluded from accessing the facility and/or goods, services, facilities, privileges, advantages and/or accommodations offered therein due to physical barriers that constitute violations of the ADA and as such, suffered legal harm and injury. (D.E. 1 ¶¶ 4, 14, 19).

5.  The Complaint did not include the day or time that the Plaintiff went to Market – the date of the injury.

1

6.  Without knowing the day and time that the Plaintiff attempted to access and/or avail himself of certain goods and services in Market, I am unable to conduct even the most basic investigation into these allegations.

7.  Such an investigation would include speaking to staff members on duty that would have seen or even conversed with the Plaintiff and whose recollection of those observations and/or conversations would allow me to fairly, and in good faith, admit or deny many of the Plaintiff's allegations.

8.  This investigation would also allow me to assess whether any waivable defenses would be available such as standing or statute of limitations.

9.  Pursuant to my obligations to confer with counsel in an effort to resolve this matter prior to presenting it to the Court as a Motion, I engaged Plaintiff's counsel over email in an effort to ascertain the day and time the Plaintiff went to Market. Please refer to the attached **Exhibit A** for all relevant email correspondence between the dates of  February 12, 2018 – February 15, 2018.

10. As the email correspondence shows, Plaintiff's counsel did provide a date range during which the Plaintiff allegedly visited Market, but this information is too broad for me to reasonably respond to his client's Complaint.


SIGNED under the pains and penalties of perjury this 15th day of February, 2018.


/s/ Kevin M. Cloutier
Kevin M. Cloutier

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through CM/ECF system will be sent electronically to the following registered participants as identified on the NEF:

L. Richard LeClair, III, Esq.

Edward N. Garno, Esq.

Todd W. Shulby, Esq.

Date:   2/15/18                                                /s/ Kevin M. Cloutier
                                                                      Kevin M. Cloutier