UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAOUL MARRADI,<br><br>        Plaintiff,<br><br>v.<br><br>JPC VENTURE CORP. and<br>WOODBURY CONSTRUCTION<br>CO., INC.<br><br>        Defendants. | CIVIL ACTION NO.<br>1:17-cv-12487-WGY |

## DEFENDANT, JPC VENTURE CORP.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A MORE DEFINITE STATEMENT

**I.   Background**

The Plaintiff filed its initial Complaint (D.E. 1) against the Defendants pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA"), alleging violations of the ADA at the Defendant, JPC Venture Corp's ("JPC") bar/restaurant known as 'Market' and seeking injunctive relief and attorney's fees and costs.

In his Complaint, the Plaintiff alleges that he visited Market but that he was precluded from accessing the facility and/or goods, services, facilities, privileges, advantages and/or accommodations offered therein due to physical barriers that constitute violations of the ADA and as such, suffered legal harm and injury. D.E. 1 ¶¶ 4, 14, 19.

The Complaint did not include the day or time that the Plaintiff went to Market and was allegedly suffered legal injury and harm.

**II.     Discussion**

Fed. R. Civ. P. 12(e) states in relevant part that "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." While Rule 12(e) motions are disfavored under the 'notice' pleading provision of the Federal Rule that require only a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), were the court to relegate the acceptable norms of pleading to the province of discovery, they would be abandoning the litigants' obligation to expedite the disposition of the action through discouragement of wasteful pretrial activities. Eisenach v. Miller-Dwan Medical Center, 162 F.R.D. 346, 349 n.3 (D. Minn. 1995). Whether to grant a motion under Rule 12(e) is committed largely to the discretion of the district court. McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir.1996).

JPC submits that in order to frame and prepare a response, it must conduct a preliminary investigation of the Plaintiff's allegations. Such an investigation would include interviewing any staff members that were on duty on the date and time the Plaintiff came to Market. Such an investigation would allow JPC to provide a good faith response to each of the Plaintiff's allegations as they pertain to specific barriers the Plaintiff allegedly encountered both outside and inside the premises. Responding to the Complaint without this information will cause JPC to violate its duty to 'fairly' respond to the Plaintiff's allegations as is required pursuant to Fed. R. Civ. P. 8(2).

Furthermore, the day and time that the Plaintiff went to Market is such a basic fact that is both readily available and easily ascertainable that its absence in the Complaint is quite baffling. Equally baffling is the Plaintiff's refusal to provide this information upon the undersigned counsel's request for the same prior to filing this Motion. See attached

Affidavit. The lack of jurisprudence directly on point is likely more reflective of the fact that Plaintiffs routinely provide such basic, yet important, information in their pleadings. The most direct support for JPC's position is found in <u>Alvarez-Vega v. Cushman & Wakefield/Property Concepts Commercial</u>, 2017 WL 5441831 (D.Puerto Rico) in which the Court references to its prior decision ordering the Plaintiff to file an amended Complaint specifying the date the alleged ADA injury occurred pursuant to Rule 12(e).

WHEREFORE, JPC respectfully requests that this Court order the Plaintiff to amend his Complaint to include the day and time the Plaintiff visited Market.

Respectfully Submitted
**JPC VENTURE CORP.**
By Its Attorney,

/s/ Kevin M. Cloutier
Kevin M. Cloutier, BBO #664177
The Cloutier Law Firm, LLC
1990 Centre Street
West Roxbury, MA 02132
617-787-3300 (ph)
617-323-3384 (fax)
kcloutier@cloutierlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through CM/ECF system will be sent electronically to the following registered participants as identified on the NEF:

L. Richard LeClair, III, Esq.

Edward N. Garno, Esq.

Todd W. Shulby, Esq.

Date:  2/15/18

/s/ Kevin M. Cloutier
Kevin M. Cloutier