UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO.: 1:17-cv-12487-WGY

RAOUL MARRADI,

        Plaintiff,

vs.

JPC VENTURE CORP. and
WOODBURY CONSTRUCTION CO., INC.,

        Defendants.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT JPC VENTURE CORP.'S MOTION FOR A MORE DEFINITE STATEMENT (D.E. 11/12)

Plaintiff, RAOUL MARRADI, by and through undersigned counsel, hereby files this Response to Defendant JPC Venture Corp.'s Motion for a More Definite Statement (D.E. 11/12), and states as follows:

1.      Plaintiff filed initial Complaint (D.E. 1) against the Defendants pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.* ("ADA"), seeking injunctive relief for the removal of barriers to access present at the Defendants' facility.

2.      In Plaintiff's pleading, Plaintiff clearly stated all of the essential elements and facts to state a claim under the ADA. In fact, Defendant does not contend that Plaintiff has not stated a claim under the ADA and does not seek to have Plaintiff's claim dismissed for failure to state a cause of action upon which relief can be granted.

3.      Instead, Defendant seeks to gain additional information and insight into the facts and circumstances of Plaintiff's claim for purposes of its own investigation. Defendant seeks this additional information by way of the instant motion for more definite statement.

4.      Plaintiff submits that for the reasons set forth herein, including in the below

Memorandum of Points and Authorities, Defendant has not satisfied its burden of proving that a more definite statement is required, and its motion must therefore be denied.

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

A. <u>THE DATE AND TIME OF PLAINTIFF'S VISIT NEED TO BE PLED IN PLAINTIFF'S INITIAL PLEADING.</u>

Defendant asserts that Plaintiff has not alleged within the Complaint the date and time that Plaintiff visited the Facility. This is simply not a requirement under the law and not part of the essential elements of Plaintiff's cause of action. Alleging the date and time is not an element of a *prima facie* case of disability discrimination. The only conceivable relevance of the date and time of the visit is a statute of limitations defense. However, the Federal Rules make it clear that the statute of limitations is an affirmative defense that must be plead and proven by the Defendant, not the Plaintiff. <u>See</u> Rule 12(b), Fed.R.Civ.P.; <u>Smith v. Duff and Phelps, Inc.</u>, 5 F.3d 488 (11th Cir. 1993) (the defendant bears the burden of production and persuasion on the affirmative defense of statute of limitations). Accordingly, and to the extent that Defendant seeks to compel a more definite statement as to the date and time Plaintiff visited the subject property, Defendant's motion must be denied.

Plaintiff is aware of several Courts that have denied a motion to dismiss on these same grounds. See <u>Raetano v. Sardo's Pizza, Inc.</u>, USDC M.D. Fla. Case No.: 8:09-CV-1569-T-30EAJ (D.E. 13)(holding that the Plaintiff is not required to plead the date of his visit to the Facility and denying a motion to dismiss a case similar to the instant complaint); <u>Ramnarine v. NYP Boca Corp.</u>, USDC S.D. Fla. Case No.: 10-81200-Civ-Dimitrouleas (D.E. 22, Pg. 3, Feb. 16, 2011)("Defendant does not cite to any authority that supports its argument that Plaintiff is required to state in his Complaint the date of the visit to Defendant's premises. The Court finds Plaintiff's allegation that he attempted to access Defendant's premises to be sufficient."); <u>Ramnarine v. CSMC 2007-CI Military Retail, LLC</u>, USDC S.D. Fla. Case No.: 11-80076-Civ-Ryskamp (D.E. 26, Pg. 3, June 7, 2011) ("CSMC maintains that

Plaintiff must state 'when, how, or why' Plaintiff attempted to access the property. CSMC does not cite authority that requires Plaintiffs to allege the specific date and time of a visit to a specific property, however…. Plaintiff's allegation that he personally encountered ADA violations and suffered harm as a result is sufficient"); <u>Access for the Disabled, Inc., et al. v. J & J Restaurants, Inc., et al.</u>, USDC M.D. Fla. Case No.: 8:02-CV-2347-T-24 (D.E. 20)("A statute of limitations defense is more appropriately raised as an affirmative defense in a defendant's responsive pleading as opposed to in a motion to dismiss."); <u>see also</u> <u>Soriano v. Schiro</u>, USDC M.D. Fla. Case No.: 8:17-cv-01852-JSM-TBM (D.E. 9, Pg. 3)("Finally, Defendants' alternative request for a more definite statement is denied-there is no reasonable basis for the Court to order a more definite statement.").

Accordingly, and because the date and time of Plaintiff's visit is not required to be included in Plaintiff's pleading, and is not one of the essential elements of Plaintiff's claim, Defendant's motion to compel this additional information in the pleading must be denied.

B. <u>DEFENDANT HAS NOT SUSTAINED ITS BURDEN OF PROVING THAT A MORE DEFINITE STATEMENT IS REQUIRED.</u>

Rule 12(e) of the Federal Rules of Civil Procedure provides, in part, that "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." <u>Id.</u> Motions for more definite statement are viewed with disfavor and are rarely granted. <u>See, e.g.</u>, <u>Aventura Cable Corp. v. Rifkin/ Narragansett South Florida CATV Ltd. Partnership</u>, 941 F.Supp. 1189, 1995 (S.D. Fla. 1996)("Federal courts generally disfavor such motions."); <u>Butler v. Matsushita Communication Industrial Corp. of U.S.</u>, 203 F.R.D. 575, 584 (N.D. Ga. 2001)(noting that class of pleadings that are appropriate subjects for a Rule 12(e) motion is "quite small").

"The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." <u>Aventura</u>, 941 F.Supp. at 1195; <u>see also</u> <u>S.E.C. v. Digital Lightwave, Inc.</u>, 196 F.R.D. 698, 700 (M.D. Fla. 2000)(touchstone for Rule 12(e) motion is unintelligibility, not lack of detail). Indeed, "[a] motion for a more definite statement will only be required when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." <u>Campbell v. Miller</u>, 836 S.Supp. 827, 832 (M.D. Fla. 1993) (citations omitted).

A motion for more definite statement is **not a substitute for discovery**. <u>See</u> <u>Mitchell v. E-Z Way Towers, Inc.</u>, 269 F.2d 126, 132 (5th Cir. 1959); <u>Herman v. Continental Grain Co.</u>, 80 F.Supp.2d 1290, 1297 (M.D. Ala. 2000). Defendant is seeking a more definite statement as to the date and time of Plaintiff's visit not because Plaintiff has not pled a cause of action, and not because Plaintiff's claim is so unintelligible that a responsive pleading cannot be completed, even with a simple denial. Defendants do not express that the complaint is so unintelligible that a responsive pleading cannot be framed. As such, pursuant to binding case law and precedent, a sufficient basis for a more definite statement has not been shown, and the motion must therefore be denied.

Respectfully submitted,

By:     /s/Edward N. Garno, Esq.
        Edward N. Garno, Esq.
        147 Central Street, Suite 213
        Lowell, Massachusetts 01852
        Telephone: (978) 397-2400
        Facsimile: (978) 455-1817
        E-mail: nedgarno@hotmail.com
        Massachusetts Bar No.: 564378
        Counsel for Plaintiff

By:     /s/Todd W. Shulby, Esq.
        Todd W. Shulby, Esq.
        Todd W. Shulby, P.A.
        1792 Bell Tower Lane
        Weston, Florida 33326
        Telephone: (954) 530-2236
        Facsimile: (954) 530-6628
        E-mail: tshulby@shulbylaw.com
        Florida Bar No.: 068365
        Counsel for Plaintiff

CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on March 1, 2018, we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Kevin M. Cloutier, Esq., and L. Richard LeClair, III, Esq.

WE HEREBY CERTIFY that on March 1, 2018, we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and will mail a copy of the foregoing and notice of electronic filing to the following non-CM/ECF participants: None.

By: /s/Todd W. Shulby, Esq.
    Florida Bar No.: 068365